Brian K. Hall,                                ) C/A No.2:09-2609-TLW-RSC
                                              )
                    Plaintiff,                )
                                              )
vs.                                           )
                                              )
The County of Carolina Department of          )
Corrections;                                  )
Cpl. M. Grodetsky;                            )
Director, Mr. Jon E. Ozmint;                  )
Warden, Mrs. Pinson;                          )   Report and
Associate Warden Sas;                         )   Recommendation
Captain Roberts;                              )
Sgt. Gadson,                                  )
                                              )
                    Defendants.               )

The Plaintiff, Brian K. Hall (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915 against several SCDC employees.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28

U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff states that he was using the telephone at Walden Correctional Institution on May 12, 2008, when his "upper leg started itching." Plaintiff claims that he "held the phone with my left hand [and] used my right hand to scratch my leg." Defendant Corporal M. Grodetsky observed Plaintiff making the phone call and later told Plaintiff that she had seen him expose his genitals

3

during the call. Plaintiff unsuccessfully attempted to explain his actions to Defendant Grodetsky, who charged Plaintiff with "854 exhibitionism and public masturbation." Plaintiff was later placed in "lock-up" for this infraction and lost his visitation, canteen, and phone privileges.

Plaintiff indicates he met with Defendant Sergeant Gadson after Plaintiff's conversation with Defendant Grodetsky to "explain what had happened," however, Defendant Gadson was aware of the incident, having already spoken with Defendant Grodetsky. Plaintiff states he tried to find Defendant Captain Roberts, but apparently could not locate this officer. Plaintiff lists Defendants Jon E. Ozmint, Warden Pinson, and Associate Warden Sas at the end of the complaint, but provides no facts to indicate how they are connected to this action. Plaintiff seeks return of his visitation, telephone and canteen privileges. Plaintiff also asks the Court to "re-evaluate the current S.C.D.C. 854 charge and sentencing guide."

## Discussion

Plaintiff files the instant complaint pursuant to 42 U.S.C. § 1983. To state a cause of action under § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right", and *(2)* "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635,

640 (1980). See also 42 U.S.C. § 1983; *Monroe v. Pape*, 365 U.S. 167, 171 (1961).

As an initial matter, the complaint in this case makes no factual allegations against several of the named Defendants. Plaintiff lists Defendants Ozmint, Pinson, and Sas in the "parties" section of the complaint and at the end of the "statement of claim." However, Plaintiff fails to provide any factual information in the body of the complaint to indicate how Defendants Ozmint, Pinson, and Sas are connected to this action. A Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). As Plaintiff provides no facts to indicate that Defendants Ozmint, Pinson, or Sas violated Plaintiff's constitutional rights in any manner, these Defendants are entitled to summary dismissal from the instant action.

Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994);

*White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Further, while Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). The complaint's general claim that Plaintiff was charged with exhibitionism, absent any factual information regarding Defendants Ozmint, Pinson, and Sas, is insufficient to state a claim under § 1983.

Next, Plaintiff names one Defendant, the County of Carolina Department of Corrections[3], which is immune from a suit brought pursuant to 42 U.S.C. § 1983. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued

---

[3] Although Plaintiff names "The County of Carolina Department of Corrections," it appears Plaintiff is attempting to sue the South Carolina Department of Corrections as a Defendant in this action.

by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).[4] As a state agency, Defendant Department of Corrections is protected by Eleventh Amendment immunity, and is entitled to summary dismissal from the instant action.

However, Plaintiff's complaint does contain some factual allegations pertaining to the three remaining Defendants, Grodetsky, Gadson, and Roberts, who are SCDC employees amenable to suit under § 1983. Plaintiff claims that Defendant Grodetsky charged Plaintiff with exhibitionism, resulting in Plaintiff's placement in "lock-up" and loss of visitation, canteen, and telephone privileges. In regards to Defendant Gadson, Plaintiff

---

[4] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

states he spoke with this Defendant about the exhibitionism charge shortly after the incident occurred. Plaintiff indicates he attempted to locate Defendant Roberts to explain the situation to this officer as well. Although Plaintiff provides some factual information regarding Defendants Grodetsky, Gadson, and Roberts, Plaintiff fails to indicate how these Defendants have violated his constitutional rights. Liberally construed, Plaintiff may be claiming that these Defendants are responsible for depriving Plaintiff of his visitation, canteen, and telephone privileges. However, such a claim must fail as Plaintiff has no constitutionally protected right to any of these institutional privileges.

First, courts have recognized that there is "no constitutional right to prison visitation, either for prisoners or visitors." *White v. Keller*, 438 F. Supp. 110, 114-115 (D. Md. 1977). *See also Bryan v. SCDC*, Civil Action No. 3:08-cv-846-RBH, 2009 WL 3166632, at *7 n. 10(D.S.C. Sept. 29, 2009); *Bonilla v. Huffman*, No. 7:09CV00342, 2009 WL 2475070, at *2 n.3 (W.D.Va. Aug 12, 2009); *Oliver v. Myers*, Civil Action No. 7:08-cv-00558, 2008 WL 5212409, at *3 (W.D.Va. Dec. 12, 2008). The Supreme Court has found that "[t]he denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence.'" *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989) *(citing Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). *See also*

*Dunford v. McPeak*, Civil Action No. 7:08cv00018, 2008 WL 204481, *2 (W.D.Va.Jan.24, 2008) (finding that the loss of prison visitation privileges is within the normal range of custody and, therefore, does not create a liberty interest).

Additionally, canteen access is not a protected liberty interest. *See e.g. Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997) (holding that commissary restrictions did not entitle inmate to due process protections during disciplinary proceeding); *Bennett v. Cannon*, C/A No. 2:05-2634-GR, 2006 WL 2345983, at *2 (D.S.C. Aug. 10, 2006)("[t]here is simply no freestanding constitutional right to canteen privileges at all"). Further, Plaintiff has no constitutional right to the use of a telephone in prison. *See U.S. v. Alkire*, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996). *See also United States v. Footman*, 215 F.3d 145, 155 (1st Cir.2000)("Prisoners have no per se constitutional right to use a telephone ..."); *Benzel v. Grammar*, 869 F.2d 1105, 1108 (8th Cir.1989) (prisoner has no right to unlimited telephone usage). Therefore, Plaintiff's loss of visitation, telephone and canteen privileges fails to raise a constitutional issue or state a cognizable claim pursuant to § 1983. As such, Defendants Grodetsky, Gadson, and Roberts are entitled to summary dismissal from this case.

Finally, it is noted that Plaintiff's complaint may be attempting to state a claim of negligence against some or all of

the Defendants. However, the law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). As negligence is not a constitutional violation, any negligence claim Plaintiff may be stating against the Defendants is subject to dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

*[signature]*
Robert S. Carr
United States Magistrate Judge

October 14, 2009
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).